UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OJMAR US, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>SECURITY PEOPLE, INC., et al.,<br><br>        Defendants. | Case No. 16-cv-04948-HSG<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>Re: Dkt. No. 14 |

On October 13, 2016, Plaintiff Omjar U.S., LLC submitted an administrative motion to file under seal highlighted portions of Plaintiff's First Amended Complaint ("FAC"). Dkt. No. 14 ("Mot."). Plaintiff took no position on whether the highlighted portions meet the applicable legal standard. *Id.* at 2:26-27. On October 16, counsel for Defendants Security People, Inc. and Asil Kokcebay filed a declaration in support of Plaintiff's motion, arguing that the highlighted portions of the FAC meet the "compelling reasons" standard and the requirements of Local Rule 79-5. Dkt. No. 16 ("Hainline Decl.").

**I.    LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (citation and internal quotation marks omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79

1  (citations, internal quotation marks, and alterations omitted).  "In general, compelling reasons
2  sufficient to outweigh the public's interest in disclosure and justify sealing court records exist
3  when such court files might have become a vehicle for improper purposes, such as the use of
4  records to gratify private spite, promote public scandal, circulate libelous statements, or release
5  trade secrets." *Id.* at 1179 (citation and internal quotation marks omitted).  The Court must
6  "balance the competing interests of the public and the party who seeks to keep certain judicial
7  records secret.  After considering these interests, if the court decides to seal certain judicial
8  records, it must base its decision on a compelling reason and articulate the factual basis for its
9  ruling, without relying on hypothesis or conjecture." *Id.* (citations, brackets, and internal
10 quotation marks omitted).

11 Civil Local Rule 79-5 supplements the "compelling reasons" standard.  The party seeking
12 to file a document or portions of it under seal must "establish[ ] that the document, or portions
13 thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the
14 law. . . . The request must be narrowly tailored to seek sealing only of sealable material . . . . ."
15 Civil L.R. 79-5(b).

16 Finally, records attached to motions that are only "tangentially related to the merits of a
17 case" are not subject to the strong presumption of access.  *Ctr. for Auto Safety v. Chrysler Grp.*,
18 LLC, 809 F.3d 1092, 1101 (9th Cir. 2016).  Accordingly, parties moving to seal such records must
19 meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.  *Id.* at
20 1097.  The "good cause" standard requires a "particularized showing" that "specific prejudice or
21 harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors*
22 *Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see*
23 *also* Fed. R. Civ. P. 26(c).

24 **II.    DISCUSSION**

25 In considering the motion to seal portions of the FAC, the Court applies the "compelling
26 reasons" standard.  Although the Ninth Circuit appears not to have explicitly stated what standard
27 applies to the sealing of a complaint, many courts in this district and elsewhere have found that the
28 compelling reasons standard applies.  *See Sjostrom v. Kraatz*, No. 16-CV-01381-DMR, 2016 WL

3940886, at *2 (N.D. Cal. July 21, 2016); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013); *Nucal Foods, Inc. v. Quality Egg LLC,* 10–3105, 2012 WL 260078, at *2 (E.D. Cal. Jan. 27, 2012); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.,* 09–1531, 2010 WL 2474387, at *1 (D. Ariz. June 11, 2010); *Dunbar v. Google, Inc.,* 12–3305, 2013 WL 4428853, at *2 (N.D. Cal. Aug. 14, 2013); *In re NVIDIA Corp. Derivative Litig.,* 06–06110, 2008 WL 1859067, at *3-4 (N.D. Cal. Apr. 23, 2008). This makes sense because the complaint is more than "tangentially related to the merits of the case." *See Ctr. for Auto Safety*, 809 F.3d at 1101; *see also Sjostrom*, 2016 WL 3940886, at *2 ("Because the complaint is more than tangentially related to the merits of the case, the compelling reasons standard governs the sealing request.").

Here, Defendants have carried their burden of "articulating compelling reasons supported by specific factual findings." *See Kamakana*, 447 F.3d at 1178. The highlighted portions of the FAC are derived from Defendants' customer agreements, which "contain confidential information regarding Defendants' products, services, and business practices." Hainline Decl. ¶ 4. This information includes "cancellation, renewal, durational, and pricing information that is not publically known." *Id.* ¶ 5. Disclosure of this confidential information would result in "unfair harm" to Defendants' business and customers. *Id.* ¶ 5.

Moreover, the compelling reasons articulated by Defendants outweigh the public interest in disclosure. *See Kamakana*, 447 F.3d at 1178. The motion involves small portions of just six pages of the FAC. *See* Docket No. 14-2, at 14:25, 14:28-15:6, 15:10-13, 17:3, 22:9-10, 23:27-24:7. After careful review, the Court is convinced that sealing these passages will not interfere with the public's ability to understand the judicial process. *See Kamakana*, 447 F.3d at 1179. Thus, the "compelling reasons" standard is satisfied.

Lastly, the highlighted portions of the FAC meet the standard set out in Local Rule 79-5. The confidential information reflected in those sections is drawn from communications that were designated as "Attorneys Eyes Only." Hainline Decl. ¶ 4. In addition, the proposed sealing of a small number of passages is "narrowly tailored" to prevent harm to Defendants' business and customers. *See* Civil L.R. 79-5.

3

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to seal the highlighted portions of the FAC.

**IT IS SO ORDERED.**

Dated: 10/19/2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge