UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OJMAR US, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>SECURITY PEOPLE, INC., et al.,<br><br>        Defendants. | Case No.16-cv-04948-HSG<br><br>**ORDER GRANTING THE PARTIES' ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 19, 43, 47 |

Pending before the Court are three administrative motions, Dkt. Nos. 19, 43, 47, to file under seal certain documents relating to the motion to dismiss filed by Defendants Asil T. Gokcebay and Security People, Inc., Dkt. No. 21 ("Mot. to Dismiss"), the motion for preliminary injunction filed by Plaintiff Ojmar U.S., LLC, Dkt. No. 44 ("PI Mot."), and the opposition thereto filed by Defendants, Dkt. No. 49 ("PI Opp."). The administrative motions to file under seal are unopposed. *See* Dkt. Nos. 20, 48. Having carefully considered each of the requested redactions, the Court **GRANTS** the administrative motions to file under seal.

## I.  LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (citation and internal quotation marks omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178-79

(citations, internal quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (citation and internal quotation marks omitted). The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. (citations, brackets, and internal quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civ. L.R. 79-5(b).

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

**II.   DISCUSSION**

Here, the Court applies the "compelling reasons" standard because the documents at issue have more than a tangential relation to the merits of the case. *See Ctr. for Auto Safety*, 809 F.3d at 1101. The Court rules as follows:

//

//

| Motion | Document | Ruling | Reason |
|---|---|---|---|
| 19 | Mot. to Dismiss, Ex. 3, Ex. C at 5 | GRANTED | Confidential Business Terms |
| 19 | Mot. to Dismiss, Ex. 4, Ex. C at 5 | GRANTED | Confidential Business Terms |
| 19 | Mot. to Dismiss, Ex. 5, Ex. C at 5 | GRANTED | Confidential Business Terms |
| 43 | PI Mot, Ex. 16 at 5[1] | GRANTED | Confidential Business Terms |
| 43 | PI Mot, Ex. 17 at 5[2] | GRANTED | Confidential Business Terms |
| 43 | PI Mot, Ex. 18 at 5[3] | GRANTED | Confidential Business Terms |
| 43 | Oonk Decl. ISO PI Mot. ¶¶ 18, 40 | GRANTED | Confidential Business Information |
| 47 | Gokcebay Decl. ISO PI Opp. ¶¶ 9-15 | GRANTED | Confidential Business Information |

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the administrative motions to file under seal the specified documents. Pursuant to Civil Local Rule 79-5(f)(1), the documents filed under seal will remain under seal and the public will have access only to the redacted versions accompanying the parties' motions.

**IT IS SO ORDERED.**

Dated: 1/26/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Exhibits 16-18 of Plaintiff's motion for preliminary injunction are identical to Exhibits 3-5 of Defendants' motion to dismiss, respectively.
[2] *Id*.
[3] *Id*.

3