UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OJMAR US, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>SECURITY PEOPLE, INC., et al.,<br><br>   Defendants. | Case No. 16-cv-04948-HSG (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 63 |

## INTRODUCTION

Plaintiff Ojmar US, LLC ("Ojmar") sued Defendants Security People, Inc. ("Digilock") and Asil Gokcebay (together, "Defendants"), asserting a number of claims relating to Digilock's Patent No. 6,655,180 (the "180 Patent"). The district judge presiding over the matter, the Honorable Haywood Gilliam, referred discovery disputes arising between the parties to the undersigned. *See* Dkt. No. 59.

Pending before the Court is a Joint Letter regarding (1) a document and deposition subpoena issued by Ojmar to third party Thomas Freiburger, and (2) a document subpoena issued by Ojmar to third party Stephen Schmid. *See* Letter, Dkt. No. 63. Mr. Freiburger is a patent attorney for Digilock, and Mr. Schmid is Digilock's litigation counsel. Digilock asserted an advice of counsel defense in connection with Ojmar's lawsuit, and Ojmar seeks to compel the deposition of Mr. Freiburger, production of documents from Mr. Freiburger and Mr. Schmid, and production of a privilege log for documents withheld on privilege grounds. Defendants move to quash the subpoenas or in the alternative, for an order of protection pursuant to Federal Rule of Civil Procedure 26(c).

Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court issues the following order.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.* However, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." *Salazar v. McDonald's Corp.*, 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case").

Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

**DISCUSSION**

Ojmar is entitled to discover evidence relevant to the 180 Patent and to Digilock's assertion of the advice-of-counsel defense with respect to the 180 Patent. It is not entitled to discover evidence relating to other Digilock patents or to litigation decisions pertaining to topics

2

other than the 180 Patent. While Digilock cannot use the advice of counsel defense "both as a sword and a shield[,]" Digilock's assertion of this defense does not give Ojmar "unfettered discretion to rummage through all of [Digilock's] files and pillage all [its] litigation strategies." *See Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992); *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1303 (Fed. Cir. 2006).

**A.     Mr. Freiburger**

The Court declines to quash the subpoena to Mr. Freiburger, but grants the request for protection under Rule 26(c). Mr. Freiburger shall produce non-privileged documents responsive to these requests for production ("RFPs"), but only to the extent they relate to the 180 Patent. Upon entry of a protective order, Mr. Freiburger also shall produce otherwise privileged documents to the extent they reflect information Digilock will rely upon in asserting its advice-of-counsel defense in this matter. Ojmar has not shown discovery relating to other patents is relevant to its claims or Digilock's defenses, or that it is proportional under Rule 26(b)(1).

The Court agrees that Mr. Freiburger should produce a privilege log, but lacks information sufficient to craft an appropriate order. The parties accordingly shall meet and confer in person about the scope of an appropriate privilege log regarding documents that relate to the 180 Patent and that predate the filing of this lawsuit.

Ojmar may depose Mr. Freiburger regarding the 180 Patent; Digilock may object and instruct the witness not to answer questions that exceed the scope of the waiver.

**B.     Mr. Schmid**

The documents requests in Ojmar's subpoena to Mr. Schmid are facially unreasonable because they pertain to topics unrelated to the 180 Patent, and clearly invade the attorney-client privilege and the attorney work product doctrine. *See especially* Letter, Ex. 3 at RFPs 9, 10, 14, 15-23, 25-27. Mr. Schmid has represented Digilock for twenty-years as trial counsel on numerous matters (Letter at 2, 4), and any waiver of privilege with respect to his communications or work product must be construed very narrowly, or rejected all together. *See Sharper Image Corp. v. Honeywell Int'l Inc.*, 222 F.R.D. 621, 636-37, 643-46 (N.D. Cal. 2004). Ojmar has not made a showing that waiver of the attorney client privilege or work product protection is appropriate

3

under these circumstances. *Cf. Sharper Image*, 222 F.R.D. at 640-41. Ojmar may propound discovery to Digilock to demonstrate circumstances exist that make waiver appropriate, but for now, the Court finds Ojmar is not entitled to any discovery from Digilock's long-time trial counsel and quashes the Schmid subpoena.

C.   **Next Steps**

If Ojmar believes that any of the requests the Court has limited or quashed seek information that is relevant and proportional, it shall meet and confer in person with Digilock to attempt to narrow the requests in a mutually acceptable manner. If the parties cannot resolve the dispute during their meet and confer, they may file another joint letter brief addressing specific requests.

If the parties cannot agree to the proper scope of a privilege log for Mr. Freiburger, they may file another joint letter brief provided they meet and confer in-person in accordance with the Court's Standing Order.

If the parties disagree about the scope of the waiver at the conclusion of Mr. Freiburger's deposition, they may file another joint letter brief if they cannot resolve the dispute after an in-person meet and confer session. Mr. Freiburger may need to sit for a second deposition if the Court disagrees with Digilock's assessment of the scope of the waiver.

**IT IS SO ORDERED.**

Dated: February 22, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge