UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OJMAR US, LLC, <br>     Plaintiff, <br> v. <br> SECURITY PEOPLE, INC., et al., <br>     Defendants. | Case No. 16-cv-04948-HSG (MEJ) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. No. 75 |

    Plaintiff Ojmar US, LLC moves to redact portions of the parties' joint letter brief and to file Exhibit 3 to the letter brief under seal. *See* Mot., Dkt. No. 75. Plaintiff moves to seal this information because it has been designated as "Attorney's Eyes Only" and confidential by Defendant Security People, Inc. *Id.*; *see also* Callaway Decl., Dkt. No. 75-1.

    Pursuant to Civil Local Rule 79-5(e), Defendant filed a declaration in support of Plaintiff's Motion. *See* Hainline Decl., Dkt. No. 76. The information related to deposition testimony by Defendant's patent counsel, Mr. Freiburger. Defendant recognizes it has waived privilege as to its conversations with Mr. Freiburger as part of its advice-of-counsel defense, but contends the deposition testimony itself, and as described in the letter brief, "is nevertheless still highly confidential." *Id.* ¶ 5. Defendant contends that public disclosure of this confidential information "would unfairly harm [Defendant's] business and customers by disclosing contract terms that should be kept confidential." *Id.* The Court has reviewed the letter brief and cannot discern any confidential business information, including contract terms, within the two redacted paragraphs. The Court also has reviewed the deposition transcript attached as Exhibit 3 to the joint letter. Possibly with the exception of page 313 at lines 9-19 and a portion of the exhibit it discusses (Freiburger Ex. 49 at Freiburger2794), the Court cannot discern any trade secrets, contract terms,

or sensitive financial information being discussed in the document.

The Court accordingly finds there is no good cause[1], based on Defendant's declaration, to seal the information.  No later than June 12, 2017, Defendant may file a supplemental declaration to support the request for sealing if it can demonstrate that the information sought to be sealed is "privileged, protectable as a trade secret or otherwise entitled to protection under the law" and narrowly tailored.  Civ. L.R. 79-5(b).  If no supplemental declaration is filed, the Court shall deny the Motion to Seal.

**IT IS SO ORDERED.**

Dated: June 7, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[1] The parties invoke the "compelling reason" standard in their declarations, but because the Motion pertains to a non-dispositive matter, the good cause standard applies.  *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("Good cause" is the proper standard when parties wish to keep records attached to a non-dispositive motion under seal); *Welle v. Provident Life & Accident Ins. Co.*, 2013 WL 6055369, at *2 (N.D. Cal. Nov. 14, 2013) (good cause standard applies to discovery letter briefs).  The Court nevertheless notes that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," are not sufficient to justify sealing under the good cause standard.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).