UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OJMAR US, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SECURITY PEOPLE, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-04948-HSG (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 75 |

## INTRODUCTION

Pending before the Court is the parties' Joint Letter Brief regarding the scope of the waiver of privilege resulting from Defendants' assertion of the advice of counsel defense in this antitrust action. *See* Jt. Ltr. Br., Dkt. No. 75. The Court will separately address the parties' Motion to Seal. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court issues the following order.

## BACKGROUND

Defendants Security People, Inc. ("Digilock") and Asil Gokcebay ("Gokcebay") (together, "Defendants"), filed several patent-infringement lawsuits against Plaintiff Ojmar US, LLC ("Plaintiff"). Those lawsuits pertain to several Digilock patents, including the '180 Patent, the '277 Patent, and the '644 Patent. Plaintiff then filed this action, alleging Defendants' prior assertions of their patents were wrongful and constituted antitrust violations. After Defendants asserted the advice of counsel defense, Plaintiff sought to depose and obtain records from Digilock's patent counsel (Mr. Freiburger) and its long-time trial counsel (Mr. Schmid). In a prior order, the undersigned denied Defendants' request to quash a deposition and production subpoena to Mr. Freiburger, but granted their request for a protective order by limiting the discovery to the '180 Patent. *See* Order at 2, Dkt. No. 66 ("Ojmar has not shown discovery relating to other

patents is relevant to its claims or Digilock's defenses, or that it is proportional under Rule 26(b)(1)."). The undersigned granted the request to quash a document subpoena to Mr. Schmid as unreasonable because it pertained to topics unrelated to the '180 Patent and invaded the attorney-client privilege and work product doctrine. *Id*. at 3. The undersigned found Plaintiff had not made a showing of waiver as to Digilock's long-time trial counsel was appropriate under the circumstances, but allowed Plaintiff to seek discovery to demonstrate waiver was appropriate. *Id*. at 2-3.

Plaintiff conducted further discovery. It now represents, and Defendants do not dispute, that Mr. Schmid filed on behalf of Digilock four lawsuits against Ojmar, three of which were dismissed, and one of which is on appeal; that Mr. Schmid communicated with Mr. Freiburger regarding the '180 Patent lawsuit, including on the opinion of counsel regarding the validity of the '180 Patent, and to infringement theories against Plaintiff. Plaintiff now asks permission to serve document and deposition subpoenas on Mr. Schmid, compelling his attendance at deposition before the June 26, 2017 discovery cut-off. Plaintiff's request "addresse[s] only the ***prior 2014*** '180 Patent lawsuit[.]" Jt. Ltr. Br. at 3 (emphasis in original).[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.* However, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015

---

[1] Plaintiff's proposed document requests pertain not only to the '180 Patent, but also the '277 Patent, the '644 Patent, and Ojmar generally. *See* Jt. Ltr. Br., Ex. 1. The parties address the requests as they pertain to the other two patents in a second Joint Letter Brief (Dkt. No. 80).

2

amendments). Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." *Salazar v. McDonald's Corp.*, 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case").

Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

## DISCUSSION

As the undersigned previously noted, and as both parties have acknowledged, the advice of counsel defense cannot be used as both a sword and a shield. Order at 3. By relying on the advice of counsel defense, Defendants have waived the attorney-client privilege as to the subject matter of the advice. *See In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1303 (Fed. Cir. 2006).

To the extent Mr. Schmid communicated with Mr. Freiburger and other employees or agents of Defendants regarding the validity of the '180 Patent or the opinion of counsel provided to Defendants before they filed the '180 Patent lawsuit, it would be fundamentally unfair to prevent Plaintiff from discovering Mr. Schmid's communications regarding the subject matter of Mr. Freiburger's advice. If Defendants received information from their long-time trial counsel that contradicted or undermined the advice of patent counsel they received and relied upon in filing the '180 Patent lawsuit, Plaintiff is entitled to that information as it is directly relevant to their antitrust claims:

> [C]ourts have found the injection of the advice of counsel to waive

3

> the attorney-client privilege as to communications and documents relating to the advice. [Cite.] The scope of the waiver is governed by a rule of fairness. Fairness dictates that a party may not use the attorney-client privilege as both a sword and a shield. [Cite.] A party, therefore, may not selectively disclose privileged communications that it considers helpful while claiming privilege on damaging communications relating to the same subject. [Cite.] A court ultimately must be guided by the subject matter of the documents disclosed, balanced by the need to protect the frankness of the client disclosure and to preclude unfair partial disclosure.

*SNK Corp. of Am. v. Atlus Dream Entm't Co.*, 188 F.R.D. 566, 571 (N.D. Cal. 1999) (internal quotation marks and citations omitted); *see also In re Buspirone Antitrust Litig.*, 208 F.R.D. 516, 524-25 (S.D.N.Y. 2002) ("If documents existed . . . showing that outside counsel believed at one point that the infringement claims were weak or frivolous, the plaintiffs would have a strong basis for probing the [defendant's] witnesses' own knowledge of these views of outside counsel regardless of whether a formal document exists communicating such views."). The undersigned finds that Defendants have waived the attorney-client privilege with respect to any communications between, on the one hand, Mr. Schmid and on the other, either Mr. Freiburger, Mr. Gokcebay, or any employees or agents of Digilock, regarding the validity of the '180 Patent and/or whether Plaintiff infringed the '180 Patent. The scope of the waiver extends to the time Digilock served the complaint in the '180 Patent lawsuit. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1374-75 (Fed. Cir. 2007) (advice of counsel waiver does not extend past prelitigation stage: "communications of trial counsel have little, if any, relevance warranting their disclosure . . ."); *Sharper Image Corp. v. Honeywell Int'l., Inc.*, 222 F.R.D. 621, 642-45 (N.D. Cal. 2004). To the extent Mr. Schmid created work product regarding this subject matter that he did not communicate with Mr. Freiburger or Defendants and their employees/agents, the Court finds Plaintiff has not established the relevance of such uncommunicated documents to the subject matter of Mr. Freiburger's advice or the reasonableness of Defendants' reliance thereon.

## CONCLUSION

Plaintiff may serve a deposition and records subpoena to Mr. Schmid that relates to the subject matter of Mr. Freiburger's advice regarding the validity of the '180 Patent and Plaintiff's alleged infringement of the '180 Patent. Plaintiff may not discover documents or information that Mr. Schmid did not communicate with Mr. Freiburger or Defendants and their employees/agents,

4

or information regarding communications after Defendants served the complaint in the '180 Patent lawsuit. Plaintiff's Document Requests, as written, are overbroad and must be limited to reflect this Order. In light of the approaching discovery deadline, the undersigned encourages the parties to meet and confer immediately to agree upon the scope of the document requests and produce responsive documents as soon as practicable. The parties shall schedule Mr. Schmid's deposition for a mutually-convenient date before June 26, 2017 (or later, if they obtain an extension of the discovery deadline from the Presiding Judge).

**IT IS SO ORDERED.**

Dated: June 12, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge