UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OJMAR US, LLC,<br>　　　　Plaintiff,<br>　v.<br>SECURITY PEOPLE, INC., et al.,<br>　　　　Defendants. | Case No. 16-cv-04948-HSG (MEJ)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 79-80 |

Pending before the Court are two matters: a Motion to File Under Seal (Dkt. No. 79) and a Joint Discovery Letter Brief (Dkt. No. 80). The undersigned summarized the background of the parties' lawsuit and the law governing their dispute regarding the waiver of the attorney-client privilege and work-product protection in a separate order. *See* Order, Dkt. No. 83. This Order addresses the parties' second Joint Letter Brief regarding the scope of Defendants' waiver based on their assertion of the advice of counsel defense. Jt. Ltr. Br., Dkt. No. 80 (redacted), Dkt. No. 79-4 (unredacted). The undersigned incorporates by reference its prior discussions regarding the factual background of the dispute and applicable law herein.

**A.　Motion to Seal**

As the undersigned previously found in reviewing information Digilock sought to have sealed in connection with an earlier letter brief (*see* Order re Mot. to Seal, Dkt. No. 78), the undersigned again finds Digilock has not established good cause exists for sealing the vast majority of the information at issue in the present Motion (Dkt. No. 79). In addition, the undersigned finds the request is not narrowly tailored. *See* Civ. L.R. 79-5(b). No later than June 16, 2017, Digilock may file a supplemental declaration consistent with the directions set out in the Order re Mot. to Seal. If no supplemental declaration is filed, the undersigned shall deny the

Motion to Seal.

**B.	Scope of Waiver**

Plaintiff requests that Defendants be compelled to produce documents relating to patents other than the '180 Patent. *See* Jt. Ltr. Br. at 1-3. Defendants rely on the advice of counsel defense only with respect to the '180 Patent, not with respect to the '277 or '644 Patents. *See id.*, Ex. 3 (Freiburger Dep.) at 53-54 (counsel confirming on record that Digilock is not relying on Mr. Freiburger's advice of counsel in connection with lawsuits filed to enforce those patents). Plaintiff argues that documents relating to the two other patents may support its theory that Defendants engaged in a pattern of unlawful conduct. Jt. Ltr. Br. at 2. Plaintiff has not demonstrated that communications or work product pertaining to the '277 or '644 Patents fall within the subject matter of Mr. Freiburger's advice regarding the '180 Patent. Indeed, Plaintiff has identified no case law suggesting the scope of the waiver extends that far. The Court cannot find that Defendant's waiver as to the '180 Patent extends to privileged communications or work product regarding those other two patents. Plaintiff also has not demonstrated that obtaining discovery regarding these other patents would be proportional to the needs of the case.

For these reasons, the Court denies Plaintiff's request to compel the production of privileged documents concerning the '277 or '644 Patents.

**IT IS SO ORDERED.**

Dated: June 13, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

2