UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OJMAR US, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SECURITY PEOPLE, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-04948-HSG<br><br>**ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 115 |

Pending before the Court is an administrative motion filed by Defendants Asil T. Gokcebay and Security People, Inc. Dkt. No. 115. The unopposed motion seeks to file under seal both clean and redlined copies of Plaintiff Ojmar U.S., LLC's Unredacted Second Amended Complaint ("SAC"). *Id.* at 1; *see also* Dkt. Nos. 115-3, 115-4. The Court **GRANTS** Defendants' administrative motion.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (citation and internal quotation marks omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (citations, internal quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist

1 when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (citation and internal quotation marks omitted). The Court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the Court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. (citations, brackets, and internal quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b).

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

**II. DISCUSSION**

In considering whether to seal portions of the SAC, the Court applies the "compelling reasons" standard. Although the Ninth Circuit appears not to have explicitly stated what standard applies to the sealing of a complaint, many courts in this district and elsewhere have found that the compelling reasons standard applies. *See Sjostrom v. Kraatz*, No. 16-cv-01381-DMR, 2016 WL 3940886, at *2 (N.D. Cal. July 21, 2016); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013); *Nucal Foods, Inc. v. Quality Egg LLC,* No. CIV S-10-3105 KJM-CKD, 2012 WL 260078, at *2 (E.D. Cal. Jan. 27, 2012); *TriQuint*

2

*Semiconductor, Inc. v. Avago Techs. Ltd.,* No. CV 09-1531-PHX-JAT, 2010 WL 2474387, at *1 (D. Ariz. June 11, 2010); *Dunbar v. Google, Inc.,* No. 12-cv-03305, 2013 WL 4428853, at *2 (N.D. Cal. Aug. 14, 2013); *In re NVIDIA Corp. Derivative Litig.,* No. C 06-06110 SBA, 2008 WL 1859067, at *3-4 (N.D. Cal. Apr. 23, 2008). This makes sense because the complaint is more than "tangentially related to the merits of the case." *See Ctr. for Auto Safety*, 809 F.3d at 1101; *see also Sjostrom*, 2016 WL 3940886, at *2 ("Because the complaint is more than tangentially related to the merits of the case, the compelling reasons standard governs the sealing request.").

The Court finds that the requested redactions to the highlighted portions of the SAC satisfy the "compelling reasons" standard because they contain Defendants' trade secrets.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to seal the highlighted portions of the SAC. Pursuant to Civil Local Rule 79-5(f)(1), the unredacted versions of the SAC filed under seal will remain under seal and the public will have access only to the redacted version accompanying the motion.

**IT IS SO ORDERED.**

Dated: 9/31/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge