UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OJMAR US, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SECURITY PEOPLE, INC., et al.,<br><br>　　　　Defendants. | Case No. 16-cv-04948-HSG<br><br>**ORDER GRANTING AND DENYING IN PART ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 119, 124, 127 |

Pending before the Court are three unopposed administrative motions to seal information relating to Security People, Inc. ("Digilock") and Asil Gokcebay's (collectively, "Defendants") motion to dismiss the second amended complaint filed by Plaintiff Ojmar U.S., LLC ("Ojmar"). Dkt. Nos. 119, 124, 127. The Court **GRANTS** Defendants' administrative motions to seal and **DENIES** in part Plaintiff's administrative motion to seal.

I. **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178–79 (citations, quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh

the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quotation marks and citation omitted). The Court must

> balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the Court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id*. (citations, brackets, and quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b). Courts also "regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information." *See Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding that "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" containing "confidential business information" satisfied the "compelling reasons" standard in part because sealing that information "prevent[ed] competitors from gaining insight into the parties' business model and strategy").

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records need only meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

## II. DISCUSSION

Defendants seek to seal information contained in (1) Defendants' motion to dismiss Plaintiff's second amended complaint; (2) exhibits attached to the motion; and (3) Defendants' reply in support of the motion. *See* Dkt. Nos. 119, 127. Defendants indicate that the information to be sealed concerns pricing information and other "confidential business information." Dkt. No. 119 at 2. The Court has already agreed to seal some of this information as it appears in Plaintiff's second amended complaint. *See* Dkt. Nos. 115–116. Plaintiff also seeks to seal portions of its opposition to Defendants' motion to dismiss based on Defendants' claim of confidential information. Dkt. No. 124 at 1–3. Plaintiff takes no position on whether the Court should seal any of the information contained in its opposition and identified by Defendant as confidential. *Id.* at 2–3 ("Ojmar files this administrative motion for the sole purpose of affording Security People the opportunity to defend its confidentially designations as provided by Civil Local Rule 79-5(e).").

The Court applies the "compelling reasons" standard to the documents at issue, as those documents bear more than a tangential relation to the merits of the case. *See Ctr. for Auto Safety*, 809 F.3d at 1101. The information identified as sealable by Defendants in the motion to dismiss and supporting exhibits, as well as in Defendants' reply in support of the motion, satisfies the compelling reasons standard because it is confidential business information. *See In re Qualcomm Litig.*, 2017 WL 5176922, at *2.

In contrast, Plaintiff's sealing request does not satisfy the compelling reasons standard because it is not narrowly tailored. Plaintiff seeks to seal entire business agreements that are substantially similar to those agreements that Defendants seek to seal. *Compare* Dkt. No. 119-1 ("Woods Decl.") Exs. B–D, *with* Dkt. No. 124-1 ("Callaway Decl.") Exs. A–C. Defendants, however, sought only to seal portions of those agreements providing specific pricing information. *See id.* Plaintiff does not explain why the Court should seal these documents in their entirety, and Defendants likewise do not explain this discrepancy in their declaration of support for Plaintiff's request to seal. *See* Dkt. No. 126.

////

3

The Court accordingly **GRANTS** Defendants' administrative motions to seal, and **DENIES** in part Plaintiff's administrative motion to seal. The following summary table sets forth the Court's specific rulings as they relate to each document to be sealed:

| Motion | Document | Ruling | Portions Sealable | Reason |
|---|---|---|---|---|
| 119 | Mot. to Dismiss | GRANTED | Highlighted portions | Confidential Business Information |
| 119 | Woods Decl., Ex. A | GRANTED | Highlighted portions | Confidential Business Information |
| 119 | Woods Decl., Ex. B | GRANTED | Highlighted portions | Confidential Business Information |
| 119 | Woods Decl., Ex. C | GRANTED | Highlighted portions | Confidential Business Information |
| 119 | Woods Decl., Ex. D | GRANTED | Highlighted portions | Confidential Business Information |
| 119 | Woods Decl., Ex. E | GRANTED | Entire Document | Confidential Business Information |
| 119 | Woods Decl., Ex. F | GRANTED | Entire Document | Confidential Business Information |
| 119 | Woods Decl., Ex. G | GRANTED | Entire Document | Confidential Business Information |
| 124 | Opp. to Mot. to Dismiss | GRANTED | Highlighted portions | Confidential Business Information |
| 124 | Callaway Decl. | GRANTED | Highlighted portions | Confidential Business Information |
| 124 | Callaway Decl., Ex. A | DENIED | Entire Document | Not narrowly tailored |
| 124 | Callaway Decl., Ex. B | DENIED | Entire Document | Not narrowly tailored |
| 124 | Callaway Decl., Ex. C | DENIED | Entire Document | Not narrowly tailored |
| 127 | Reply in support of Mot. to Dismiss | GRANTED | Highlighted portions | Confidential Business Information |

Pursuant to Civil Local Rule 79-5(f)(1), those documents filed under seal as to which the administrative motions are granted in full will remain under seal and the public will have access only to the redacted versions accompanying the administrative motions.

**IT IS SO ORDERED.**

Dated: 11/29/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

4