UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OJMAR US, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SECURITY PEOPLE, INC., et al.,<br><br>　　　　Defendants. | Case No. 16-cv-04948-HSG<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS AND DENYING DEFENDANTS' MOTION TO CONTINUE TRIAL DATE AND MODIFY SCHEDULING ORDER**<br><br>Re: Dkt. Nos. 177, 179 |

On April 5, 2018, the Court heard argument on a motion to withdraw as counsel for Security People, Inc. ("Digilock") and Asil Gokcebay (collectively, "Defendants") and Defendants' motion to continue the trial date and modify the scheduling order. Dkt. Nos. 177 ("Withdrawal Mot."), 179 ("Scheduling Mot."). Initial counsel for Defendants, Goodwin Procter ("Goodwin"), filed the motion to withdraw on March 2, 2018. Plaintiff Ojmar U.S., LLC opposed the motion on the ground that Goodwin's withdrawal could delay trial, currently set for June 25, 2018. Dkt. No. 182 at 1 ("Opp. to Withdrawal Mot."); *see also* Dkt. No. 111 ("Scheduling Order"). New counsel for Defendants, Gordon Rees Scully Mansukhani, LLP ("Gordon & Rees"), also filed an opposition to the motion, arguing that Goodwin should not be allowed to withdraw if the Court declines to continue the trial date. Dkt. No. 184 at 2.

Concurrently, Defendants moved to continue the trial date by approximately four months. Scheduling Mot. at 1–2, 10–11. Plaintiff opposed the motion. Dkt. No. 185 ("Opp. to Scheduling Mot."). Briefing on the motions is complete. Dkt. Nos. 183 ("Reply to Withdrawal Opp."), 186 ("Reply to Scheduling Opp."). The Court held a hearing on the motions, part of which it held in camera. Dkt. No. 195. Both Goodwin and Gordon & Rees submitted materials for in camera review.

Based on these submissions and the parties' arguments at the hearing, the Court granted the motion to withdraw as counsel, and denied Defendants' motion to continue the trial date and modify the scheduling order. The Court issues this order to explain its reasoning in greater detail for the record.

### I. MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS

#### A. Legal Standard

In this District, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civil L.R. 11-5(a). Moreover, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear *pro se*, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civil L.R. 11-5(b).

Withdrawal is also governed by the California Rules of Professional Conduct. *See j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009)); *see also* Civil L.R. 11-4(a)(1) (requiring compliance with the California Rules of Professional Conduct). Under these rules, permissive withdrawal may only be granted by leave of the Court. CA ST RPC, Rule 3-700(A)(1). The professional rules provide for permissive withdrawal on various grounds, including when "[t]he client . . . breaches an agreement or obligation to the member as to expenses or fees[,]" or when "[t]he member believes in good faith . . . that the tribunal will find the existence of other good cause for withdrawal." *Id.*, Rule 3-700(C)(1), (6). However, an attorney may not withdraw before he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." *Id.*, Rule 3-700(A)(2); *see also id.*, Rule 3-700(D) (regarding the refund of fees and the release of property and papers).

Finally, courts assessing withdrawal balance the equities, considering such factors as why counsel seeks to withdraw and whether permitting withdrawal may prejudice other litigants, harm

2

the administration of justice, or delay the case's resolution. *Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing cases).

### B. Discussion

Local Civil Rule 11-5(a) is satisfied because Goodwin notified the parties and its client of its intent to withdraw with sufficient time. Withdrawal Mot. at 1–2. Specifically, on January 16, 2018, Goodwin told Defendants that it intended to withdraw if Gordon & Rees appeared in this case as counsel. *See id.* Gordon & Rees appeared on March 1, 2018. *Id.* That same day, Defendants gave Goodwin permission to transfer the case file to Gordon & Rees. *Id.* at 2. Goodwin did so. *Id.* On March 2, 2018, Goodwin notified Plaintiff of its intent to withdraw as counsel. *Id.* Plaintiff indicated it would not oppose withdrawal if the trial date remained unchanged. The Court finds credible Goodwin's representations of these events, and further finds that Goodwin has met its obligations under the local rules.

In addition, the California Rules of Professional Conduct permit withdrawal. Based on the information disclosed during the in camera portion of the hearing, the Court is persuaded that Goodwin filed the motion with a good faith belief in the existence of good cause for withdrawal. CA ST RPC, Rule 3-700(C)(6). Balancing the equities, the Court concludes that permitting withdrawal is just, and that withdrawal will not create delay or prejudice. *See Robinson*, 2010 WL 3259384, at *2 (discussing equities). In the exercise of its discretion, the Court finds that withdrawal is warranted. *See Gong*, 2008 WL 160964, at *1.

## II. DEFENDANTS' MOTION TO CONTINUE THE TRIAL DATE AND MODIFY THE SCHEDULING ORDER

Under Federal Rule of Civil Procedure 16(b)(4), a case schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotations omitted). According to Defendants, good cause exists because Gordon & Rees received the case file only recently. Scheduling Mot. at 3–4. Defendants argue that they will

be unfairly prejudiced if the Court maintains the current schedule because they will not have adequate time to prepare for trial.

The Court disagrees. Defendants communicated with Goodwin and Gordon & Rees in January 2018 regarding the latter's appearance in this case. Mot. to Withdraw at 2; Opp. to Scheduling Mot. at 6. Defendants were aware of the case schedule and the parties' trial date. *See* Scheduling Order. Defendants were also aware of Goodwin's representation that it would withdraw if and when Gordon & Rees appeared. Withdrawal Mot. at 1–2. Defendants directed Gordon & Rees to appear after the hearing on the parties' motions for summary judgment. Gordon & Rees willingly accepted the representation, and made that appearance. Defendants cannot now complain of prejudice based on the long-known court-ordered schedule.[1] Thus, Defendants have failed to show that good cause exists to continue the trial date and modify the scheduling order.

### III. CONCLUSION

For these reasons, the Court **GRANTS** the motion to withdraw as Defendants' counsel, and **DENIES** Defendants' motion to continue the trial date and modify the case schedule.

**IT IS SO ORDERED.**

Dated: 4/10/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The Court notes that in January 2017, the parties originally proposed a trial date in November 2017. Dkt. No. 55 at 8–9.