UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OJMAR US, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SECURITY PEOPLE, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-04948-HSG<br><br>**ORDER DENYING DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 209-4 |

Currently pending before the Court is Security People, Inc. ("Digilock") and Asil Gokcebay's (collectively, "Defendants") administrative motion for leave to file a second motion for partial summary judgment. Dkt. No. 209-4 ("Mot."). Defendants filed the motion on May 19, 2018. On May 23, 2018, Plaintiff Ojmar US, LLC ("Ojmar") responded. Dkt. No. 230 ("Opp."). After carefully considering the parties' arguments, the Court **DENIES** Defendants' motion.

A good cause standard applies to Defendants' motion. *See* Civ. Standing Order ¶ 17; *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (holding "that district courts have discretion to entertain successive motions for summary judgment"). Defendants argue that good cause exists because Ojmar produced an additional expert report and errata by economist Dr. Justin Lenzo after the Court denied Defendants' first motion for summary judgment. *See* Mot. at 1; Dkt. No. 192. In addition, Defendants deposed Dr. Lenzo after the Court's prior summary judgment order. According to Defendants, Dr. Lenzo's additional report, errata, and admissions during his deposition show that there are no disputed facts on two key issues: that is, substantial foreclosure of and antitrust injury in Ojmar's alleged submarket. Mot. at 1-3.

Defendants fail to present good cause under the circumstances. A late expert deposition is not sufficient justification for relitigating whether there are material issues of fact on Ojmar's

antitrust claims.  As Ojmar points out, Defendants already had the opportunity to present these arguments in their first motion for summary judgment, and did so.  Opp. at 1.  Though the parties stipulated to extend the expert discovery deadline to accommodate additional production, any new testimony does not merit a do-over of issues already decided.  This is especially so considering that the Court's prior summary judgment ruling relied on facts outside of Dr. Lenzo's initial expert report.  *See id.*  In addition, trial in this action is set to begin in just one month.  Given this narrow timeframe, granting Defendants' motion risks unnecessary expense and delay.  Because Defendants fail to establish good cause to reopen summary judgment briefing at this late stage, the Court **DENIES** Defendants' motion.

**IT IS SO ORDERED.**

Dated:  5/24/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge