UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OJMAR US, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SECURITY PEOPLE, INC., et al.,<br><br>　　　　Defendants. | Case No. 16-cv-04948-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. 1 RE: EXCLUSION OF THE TESTIMONY OF ROBERT TAYLOR**<br><br>Re: Dkt. No. 214 |

On May 22, 2018, Security People, Inc. ("Digilock") and Asil Gokcebay (collectively, "Defendants") and Ojmar U.S., LLC ("Ojmar" or "Plaintiff") each filed five motions in limine. *See* Dkt. Nos. 214-223. Defendants' first motion in limine seeks to exclude the testimony of attorney Robert Taylor under Federal Rule of Evidence ("Rule") 702. Dkt. No. 214 ("Defs. MIL 1") at 2; *see Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). On May 29, 2018, Plaintiff filed an opposition to the motion. Dkt. No. 234 ("Pl. MIL Opp. 1"). On June 12, 2018, the Court heard argument on the motions. After considering the parties' arguments, the Court **GRANTS** Defendants' first motion in limine.[1]

## I. LEGAL STANDARD

Federal Rule of Evidence ("Rule") 702 allows a qualified expert to testify "in the form of an opinion or otherwise" where:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

---

[1] The Court will issue a further written order resolving the other pending motions in limine.

Expert testimony is admissible under Rule 702 if it is both relevant and reliable. *See Daubert*, 509 U.S. at 589. "[R]elevance means that the evidence will assist the trier of fact to understand or determine a fact in issue." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007); *see also Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) ("The requirement that the opinion testimony assist the trier of fact goes primarily to relevance.") (quotation omitted). Under the reliability requirement, the expert testimony must "ha[ve] a reliable basis in the knowledge and experience of the relevant discipline." *Primiano*, 598 F.3d at 565. To ensure reliability, the Court "assess[es] the [expert's] reasoning or methodology, using as appropriate such criteria as testability, publication in peer reviewed literature, and general acceptance." *Id.* at 564.

## II. DISCUSSION

Ojmar seeks to elicit Taylor's testimony on "[r]easonable practice by patent litigation attorneys when investigating filing, and pursuing patent lawsuits; reasonable practice by patent attorneys providing legal opinions regarding patent issues; [and the] objective baselessness of Defendants' four patent lawsuits against Ojmar." Dkt. No. 249-1, Ex. A ("Pl. Witness List") at 2. According to Ojmar, Taylor is well-qualified to explain "what happened factually in Digilock's four lawsuits against Ojmar and in the USPTO [U.S. Patent and Trademark Office], and whether behavior engaged in by Defendants and their lawyers is compliant with the practices and customs of other similarly situated within the same community." Pl. MIL. Opp. 1 at 1–2; *see also* Dkt. No. 214-2 ("Taylor Report") at 2–4 (outlining the nature and scope of Taylor's assignment and summarizing his conclusions). Taylor's qualifications include his experience as a patent attorney and PTO examiner; he also has a degree in electrical engineering. Pl. MIL Opp. 1 at 1.

Defendants set forth two primary reasons why Taylor's testimony is inadmissible. First, Defendants argue that Taylor cannot properly opine on the "objective baselessness" of Defendants' underlying patent lawsuits or the materiality of certain prior art because he is not a technical expert or a person of ordinary skill in the art of locks. *See* Defs. MIL 1 at 1–2. Second, Defendants contend that Taylor's opinions on "reasonable" patent attorney practices would require

2

him to draw improper legal conclusions, including for instance, as to whether Defendants violated "any rules of procedure (e.g. Rule 56 or Rule 11) . . . with respect to the underlying patent prosecution and litigation. . . ." *See id.*

The Court agrees with Defendants. In *Sundance, Inc. v. Demonte Fabricating Ltd.*, the Federal Circuit held that the district court erred in permitting an attorney-expert to testify regarding obviousness or any of the underlying "technical questions, such as the nature of the claimed invention, the scope and content of prior art, the differences between the claimed invention and the prior art, or the motivation of one of ordinary skill in the art to combine these references to achieve the claimed invention." *See* 550 F.3d 1356, 1364–65 (Fed. Cir. 2009). In reaching that holding, the *Sundance* court reasoned that "[a]llowing a patent law expert without any technical expertise to testify on the issues of infringement and validity amounts to nothing more than advocacy from the witness stand." *See id.* That reasoning applies here with equal force: it is undisputed that Taylor lacks technical expertise and skill in the relevant art. *See* Defs. MIL 1 at 2–3; Pl. MIL Opp. 1 at 4–5. Allowing Taylor to testify that Defendants' underlying patent infringement lawsuits were "objectively baseless" would necessarily require him to opine on those issues deemed impermissible in *Sundance*: invalidity, infringement, and technical considerations pertaining to the scope and content of prior art. *See Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.* ("*PRE Investors*"), 508 U.S. 49, 60–61(1993) (explaining that "objective baselessness" requires a showing that "no reasonable litigant could realistically expect success on the merits" of the underlying action); *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1072 (Fed. Cir. 1998) ("[U]nder *PRE,* a sham suit must be both subjectively brought in bad faith and based on a *theory of either infringement or validity* that is objectively baseless.") (emphasis added).

Eliciting Taylor's testimony on materiality and cumulativeness would likewise entail an opinion beyond the scope of his expertise. Though the Court will decide the ultimate issue of inequitable conduct, the underlying "but-for materiality" inquiry requires an examination of the

3

withheld prior art references.  *See Regeneron Pharm., Inc. v. Merus N.V.*, 864 F.3d 1343, 1351 (Fed. Cir. 2017) ("As with an invalidity analysis, the first step in determining but-for materiality of a reference is determining the scope of the claims at issue. . . Next, based on the broadest reasonable construction, the court must determine whether a reasonable patent examiner would have allowed the claims had she known of the Withheld References.") (emphasis added).  So too with Plaintiff's "*Walker Process*" claim, which will be submitted to the jury (unless Plaintiff fails to meet its burden in its case-in-chief).  *See Nobelpharma AB*, 141 F.3d at 1071 ("[A] finding of *Walker Process* fraud may not be based upon an equitable balancing of lesser degrees of materiality and intent.  Rather, it must be based on independent and clear evidence of deceptive intent together with a clear showing of reliance, *i.e.,* that the patent would not have issued but for the misrepresentation or omission."); *Dippin' Dots, Inc. v. Mosey*, 476 F.3d 1337, 1346–48 (Fed. Cir. 2007) (holding that a *Walker Process* claimant must meet "higher threshold showings of both materiality and intent than are required to show inequitable conduct.").  At bottom, Defendants' alleged misrepresentation or omission must "be of a fact material to patentability," and Taylor is not qualified to opine on that topic.  *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1365 (Fed. Cir. 1998).

In similar circumstances, other courts in this district have excluded the testimony of patent attorney-experts.  For instance, in *Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, the court held that the proffered expert, "a former supervising patent examiner and former member of the Patent Office Board of Patent Appeals and Interferences," could not testify "as to what the prior art teaches," "the 'materiality' of prior art," or what "the [PTO] examiner would have done if [the expert] had been the examiner, or if the examiner had different information."  1995 WL 261407, at *2 (N.D. Cal. Apr. 25, 1995).  In doing so, the court noted that the defendant's expert was not a technical expert, and lacked skill in the pertinent art.  *See id.* at *2–3.  The court found that testimony as to what the examiner "would have done" under different circumstances was "irrelevant speculation" that would impermissibly "advise [the] jury as to applicable principles of law."  *See id.* at *3; *accord Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 87 F. Supp. 3d 928, 947 (N.D. Cal. 2015) (prohibiting the defendant's expert,

4

who had spent over thirty-four years working at the PTO, from speculating "about what the PTO would have done had specific prior art references been brought to the examiner's attention").

Ojmar argues that other courts have allowed attorney-experts to opine as to materiality. But the cases on which Ojmar relies are not binding, and virtually all are from outside of this circuit.[2] To the extent that Ojmar suggests that *Aevoe Corp. v. AE Tech Co.* stands for the proposition that an attorney-witness can opine on materiality issues underlying an obviousness determination, the Court disagrees with that reading of the case. *See* 2014 WL 4182343, at *3 (D. Nev. Aug. 20, 2014) (deferring ruling pending "any specific objections if and when Defendants attempt to elicit testimony from [expert] at trial that is beyond the scope of his expertise"). And even if *Aevoe* had so held, this Court would respectfully disagree with that conclusion based on the authorities discussed above. The only case from this district that Ojmar cites, *Therasense, Inc. v. Becton, Dickinson & Co.*, 2008 WL 2037732, at *3–4 (N.D. Cal. May 12, 2008), aligns with the Court's conclusion. In *Therasense*, the court allowed an attorney without skill in the art to opine in the limited circumstance where the alleged falsity "turn[ed] on a single sentence and two interpretations of it." 2008 WL 2037732 at *3–4. The court explained:

> Some issues of materiality may be so independent of scientific complexity that even patent lawyers can understand them. If, for example, an inventor swears in a later application that a given formula was always true, he would normally be obligated to reveal that he had sworn in an earlier separate application that the same formula was never true. When the contradiction is manifest, scientists are not needed to explain it. On the other hand, if scientists are needed to explain or set up the contradiction, then mere lawyers should refrain from purporting to explain the science part.

*Id.* at *3.

Here, however, Plaintiff has failed to clarify how Taylor can testify on materiality and cumulativeness without delving into prior art issues and the technical aspects of locks and locking

---

[2] For example, *Se-Kure Controls, Inc. v. Vanguard Prod. Grp., Inc.* predates *Sundance* and applied Seventh Circuit rather than Federal Circuit law on this question. *See* 2008 WL 169054, at *3 (N.D. Ill. Jan. 17, 2008); *see also Nobelpharma AB*, 141 F.3d at 1069 "([W]hether conduct in procuring or enforcing a patent is sufficient to strip a patentee of its immunity from the antitrust laws is to be decided as a question of Federal Circuit law. This conclusion applies equally to all antitrust claims premised on the bringing of a patent infringement suit.").

mechanisms. *Compare* Taylor Report at ¶ 47 ("While I do not intend to offer an opinion as to whether the failure to tell the USPTO about the '043 patent was intentional, in my view, the teaching of that reference makes it highly likely that the Examiner would not have issued Claim 4 if Mr. Gokcebay or his lawyers had provided it to her."). The issues here are *what* the patent examiner would have found if she had Defendants' prior patent before her, and *why* she would have made that finding. But Taylor lacks the required technical skill in the art to offer an opinion on those questions, so his proffered testimony does not satisfy the requirements of Rule 702.

To the extent that Plaintiff appears to argue that Taylor can simply observe that Defendants' patent issued, and was later held invalid based on obviousness, then conclude from those facts without any technical analysis that an undisclosed prior art reference was material, that position is inconsistent with Federal Circuit precedent. *See C.R. Bard, Inc.*, 157 F.3d at 1365 (observing that "[t]here is no presumption that information not filed by an applicant was material simply because patentability ensued"). This same reasoning underpinned the Court's denial of Plaintiff's motion for partial summary judgment on the issue of but-for materiality and cumulativeness. *See* Dkt. No. 192 at 12 ("In sum, the PTAB's decision does not, on its own, satisfy the 'but-for' materiality standard underlying Ojmar's inequitable conduct claim. Ojmar must therefore prove at trial that the '043 Patent was 'but-for material' and 'not cumulative of prior art that the PTO considered during prosecution' of the '180 Patent.").

Similarly, Taylor's testimony as to "reasonable practice" by patent attorneys would not help the jury to assess a fact in issue: instead, it would require him to give impermissible legal opinions. *See Argus Chem. Corp. v. Fibre Glass-Evercoat Co.*, 759 F.2d 10, 13 (Fed. Cir. 1985) ("The question of the appropriate standard for determining inequitable conduct in procuring a patent is one of law. Thus, the testimony of an attorney on the practice which some attorneys followed is irrelevant."); *Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, No. CV 07-8108 FMO (SHX), 2014 WL 12586105, at *10 (C.D. Cal. Jan. 3, 2014) (precluding a patent attorney from opining on "matters requiring technical expertise," "the issue of inequitable conduct, including any opinions as to breach of the duty of disclosure, intent to deceive, or materiality," and "what practices [were] followed in the prosecution of" the underlying patents). Though Taylor

could theoretically opine on PTO policy and procedure, Plaintiff does not seek to present testimony on that issue. *See, e.g.*, *Sundance*, 550 F.3d at 1361 n.2 & n.5 (allowing the defendant's patent attorney-expert "testify as to patent office procedure generally") (citing *Bausch & Lomb, Inc. v. Alcon Laboratories, Inc.,* 79 F.Supp.2d 252, 254–55 (W.D.N.Y. 2000)). Thus, the Court concludes that Taylor's testimony does not satisfy Rule 702, and **GRANTS** Defendants' first motion in limine. Taylor's proffered testimony is excluded in its entirety.

**IT IS SO ORDERED.**

Dated: 6/15/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge